# Commonwealth, Appellant, *v.* Belevsky.

*Criminal law—Sedition—Criminal procedure—Indictment—Sufficiency—Act of June 26, 1919, P. L. 639, as amended by the Act of May 10, 1921, P. L. 435.*

An indictment charging a defendant with having in his possession, and having distributed, certain pamphlets which tended to overthrow the Government of Pennsylvania and the United States Government is sufficient, in a prosecution for sedition under the provisions of the Act of June 26, 1919, P. L. 639, as amended by the Act of May 10, 1921, P. L. 435.

The amendment to the Act of June 26, 1919, P. L. 639, substituting the words "the intent of which is" in place of the words "which tends" did not repeal the former statute, nor change the character of the act which was defined to constitute sedition in paragraphs e, f, g and h. Where the defendant was charged with an offense specifically prohibited in the latter act the indictment was sufficient.

Argued March 13, 1922. Appeal, No. 289, Oct. T., 1921, by Commonwealth, from judgment of Q. S. Phila. Co., March Sessions, 1921, No. 690, granting a motion in arrest of judgment in the case of the Commonwealth of Pennsylvania v. Henry Belevsky. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Reversed.

Indictment for sedition under the provisions of the Act of June 26, 1919, P. L. 639. Before SMITH, P. J., 34th Judicial District, specially presiding.

The opinion of the Superior Court states the case.

The jury rendered a verdict of guilty. The defendant filed motions for a new trial and in arrest of judgment.

The court dismissed the motion for a new trial and granted the motion in arrest of judgment for the reason set forth in the opinion of the Superior Court. Commonwealth appealed.

*Error assigned* was the order of the court.

*James Gay Gordon, Jr.,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellant.

*David Wallerstein,* for appellee.

OPINION BY HENDERSON, J., April 17, 1922:

The defendant was convicted of sedition. The indictment was drawn under the Act of June 26, 1919, P. L. 639. The first section of the statute defines the offense, and the second prescribes the penalties. Conduct "which tends" to produce the results described in paragraphs A, B, C and D of the first section is declared to be within the meaning of the word "sedition." It is also declared that the acts described in paragraphs E, F, G and H of the same section shall constitute sedition. The indictment charged the defendant with having unlawfully, maliciously, wilfully, feloniously and seditiously given and distributed and having in his possession with intent to give and distribute, certain circulars, letters and pamphlets in the indictment recited which tended to overthrow the government of the State and of the United States; which tended to excite and encourage the commission of acts with a view of bringing the government of the State of Pennsylvania and of the United States into hatred and contempt; which advocated and taught the duty, necessity and propriety of encouraging crime, violence and forms of terrorism as a means of accomplishing political reform and change in the government in this State and in the United States; and which advocated the organizing of assemblies, societies and

groups, the policy and purpose of which were seditious. The indictment is drawn in the terms of the act and no objection was made to its form at the trial. On a motion in arrest of judgment, the court sustained the contention of the defendant that a conviction could not be had for the reason that after the indictment was returned, the statute was amended by the Act of May 10, 1921, P. L. 435, the effect of which amendment was to repeal the Act of 1919. The amendment referred to consisted of the substitution of the words "the intent of which is" in place of the words "which tends" as used in the original act. The effect of the amendment may be more evident from an examination of the paragraphs in which the original and substituted words appear. The Act of 1919 declares that sedition shall mean "any writing, publication, printing, cut, cartoon, utterance or conduct, either individually or in connection or combination with any other person or persons which tends:

"A. To make or cause to be made, etc." The amendment uses the same language except that the words "the intent of which is" take the place of the words "which tends." In all other respects the Act of 1921 is a reënactment as an amendment of section 1 of the Act of 1919. No repealing clause is contained in the amending statute. The Commonwealth has taken this appeal and the single question presented for our consideration is whether the amendment referred to so repealed the Act of 1919 that the indictment found thereunder will not support a conviction had after the adoption of the amendment. The action of the court was based on the principle that a subsequent statute revising the subject-matter of a former one must operate to repeal the former and to prevent the punishment of one charged with the commission of an act criminal at the time, but which had ceased to be such when the defendant was tried. This general rule is not controverted by the Commonwealth, but the complaint is that it was too narrowly interpreted by the court in disposing of the question at issue. It is con-

tended that the change in the statute does not materially affect the character of the offense charged, and that if this be not the correct view, nevertheless the paper which the defendant was proved to have distributed was a document the intent of which was to accomplish the overthrow of the government of the Commonwealth and to produce the other seditious results forbidden by the statute.

It is not every amendment of a statute which operates as an implied repeal. If the amendment change the prior statute in its substantial provisions, the necessary implication is that it works a repeal to the extent to which it is repugnant to the original enactment. If the provisions of the former act are revised and supplied, this works a repeal to that extent, but the repeal goes no further. It cannot be doubted that from the time the Act of 1919 took effect until the time when the defendant was convicted, there was no interval when sedition was not an indictable offense, and when some at least of the acts attributed to the defendant in the indictment were not seditious. Even in cases of express repeal where at the same time the provisions of the repealed statute are reënacted by the repealing act, the earlier statute is not in fact repealed, but its provisions continue in operation as amended. The question is one of legislative intent, and there can be no doubt that the amendment under consideration was not intended to work a repeal of the statute, but to amend it merely, and that not in a way to affect material parts of it: Haspel v. O'Brien, 218 Pa. 146; Commonwealth v. Dickinson, 57 Pa. Superior Ct. 380. It seems to have been the purpose of the amendment to require as an ingredient of the offense the intent to produce the results described in paragraphs A, B, C and D of the original act which only required the existence of a tendency of the act done to produce the forbidden results, and it may be conceded that the language of the amendment is more restricted in its effect than was that which it supplied. But the case does not

necessarily turn on the use of either of the expressions under consideration, for the second group of definitions in paragraphs E, F, G and H necessarily involve intent and imply an unlawful purpose. One who advocates or teaches the propriety of engaging in crime or violence or any form of terrorism as a means of accomplishing a change of government, by his very act discloses an intention. In like manner, the wilful distribution of documents which advocate the overthrow of government discloses a purpose to accomplish the result aimed at, and one who organizes an assembly, a society or group for the accomplishment of any of the seditious purposes prohibited by the statute would be held to intend the results advocated. It follows that the change in the statute does not affect the first enactment so far as it prohibits the offenses described in paragraphs E, F, G and H. They are identical in each of the enactments. If then the indictment charges any act committed by the defendant which is within the prohibition of the latter paragraphs the prosecution may be sustained. Referring to the indictment, it will be seen that the accused is charged among other things with the distribution of documents, printings, writings and written matter which advocated and taught the duty, necessity and propriety of engaging in crime, violence and forms of terrorism as a means of accomplishing political reform and a change in government in this State and in the United States. This charge is within the terms of paragraph G which has reference to sedition as "herein before defined." Among the definitions is that in paragraph F which makes any utterance which advocates or teaches the duty, necessity or propriety of engaging in crime, violence or any forms of terrorism as a means of accomplishing political reform or change in government seditious. It likewise charges the offense set forth in paragraph H as it describes conduct declared to be seditious in the preceding paragraphs. It is not material therefore whether the indictment could be sustained under paragraphs A, B, C and D of the orig-

inal or amended statutes, for the provisions of paragraphs E, F, G and H sufficiently cover the conduct of the defendant of which the Commonwealth complains. There can be no doubt that the document alleged to have been distributed by the defendant is susceptible of the construction placed on it by the Commonwealth. It is quite similar in its general character to that exhibited in Abrams et al. v. U. S., 250 U. S. 616. A jury would certainly be warranted in attributing to the distributor of it an intention to overthrow the government of this State and of the United States as charged in the indictment. The court was in error therefore in arresting the judgment. The assignment of error is sustained.

The judgment is reversed and the record remitted to the court below for further proceedings.