Com. of Pa. *v.* Schambers, Appellant.

Argued May 2, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM,

B ALDRIGE , S TADTFELD , P ARKER and J AMES , JJ.

*Wm. Glassman,* and with him *Geo. B. Munn,* for appellant.

*L. C. Eddy,* District Attorney, for appellee.

O PINION BY B ALDRIGE , J., July 14, 1933:

The defendant was charged with the unlawful transportation and possession of intoxicating liquor. He was found guilty of transportation, and not guilty of possession. Upon the completion of the defendant's testimony, the Commonwealth introduced, in rebuttal, for the purpose of attacking defendant's credibility, the record to No. 35, March Sessions, 1925, wherein the defendant pleaded guilty to the charge of possession and manufacture of liquor. The admission of this seven-year-old record is the subject of the first and second assignments of error.

The defendant took the stand in his own behalf, but did not introduce any character witnesses. Under the common law, one convicted of a felony or other infamous crime was disqualified as a witness. The Act of May 23, 1887, P. L. 158 (19 PS §681), removed that disability, and all persons are now qualified to be wit-

nesses in any criminal proceeding, with certain exceptions which are not involved in this case. When a defendant testifies, however, in his own behalf, his credibility is subject to attack by the same methods, and his conduct is open to investigation, as any other witness, except as limited in the Act of March 15, 1911,. P. L. 20, §1 (19 PS §771), which provides that "any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation," with certain exceptions immaterial here. This act, as pointed out by Judge HENDERSON, in Com. v. Doe, 79 Pa. Superior Ct. 162, 168, refers to cross-examination only, and its purpose was to prevent cross-examining the defendant concerning the commission of other crimes, "where there was neither the ability nor expectation of proving the fact suggested if it were denied by the defendant." Records of conviction of certain crimes, however, continue to be admissible to impeach the credibility of a defendant, but they are confined to felonies and to misdemeanors in the nature of crimen falsi. Mr. Justice KEPHART, in the case of Com. v. Williams, 307 Pa. 134, 149, 160 A. 602, 607, said: " . . . . . . conduct derogatory to a witness' character for veracity may be proved by showing by other witnesses that he has been convicted of an infamous offense. No collateral issue of fact is thus raised, as the record establishes the fact; only crimes of felony or a misdemeanor in the nature of crimen falsi are admissible to affect credibility."

Is the possession and manufacture of liquor in violation of law crimen falsi? The term "crimen falsi" is not well defined at common law. Its extent and

meaning is nowhere laid down with precision, but it generally applied to crimes which disqualified a person as a witness. "The term involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud": 16 C. J. 60, §12. It has been held to include, also, forgery, perjury, subornation of perjury, suppression of testimony by bribery or conspiracy to procure the absence of a witness, barratry, the fraudulent making or alteration of a writing, to the prejudice of another man's right, etc.: Rawle's 3d Rev. Bouvier's Law Dictionary, Vol. 1, page 730. Placing the most liberal interpretation on this term, the manufacture and sale of liquor does not come within its meaning. It is not "an offense malum in se, defined as one which is naturally evil as adjudged by the sense of a civilized community" (8 R. C. L. p. 55), but an act which is malum prohibitum, a wrong only because made so by statute, not involving any moral dereliction which carries with it a disregard of the obligation of an oath. As was said by Mr. Justice KEPHART, in Com. v. Quaranta, 295 Pa. 264, 272, 145 A. 89: "But every offense of crime under the law is not relevant to prove one's character for veracity, and, as it is not permissible to show a general bad character because of the abuse that could be made of it by the prosecution [citing cases], the only crimes admissible to attack veracity are such as affect credibility and refer to the conviction of a felony or misdemeanor in the nature of crimen falsi."

The learned court below relies on the case of Com. v. Arcurio, 92 Pa. Superior Ct. 404, where the defendant was indicted and convicted of six offenses, and sentenced under two indictments charging felonies. The court below was reversed for allowing a witness to be asked if she had been arrested. The question before

us was not under consideration, and that case is not in conflict with authorities hereinbefore cited.

The appellant cites Com. v. Doe, supra, and Com. v. Vis, 81 Pa. Superior Ct. 384. In both of those cases, the records offered were of felonies or of a crimen falsi. In the former, the defendant was charged with robbery, and the record of a former conviction of robbery, a felony, was held admissible. In the latter, two records were offered and admitted showing former convictions and sentences for larceny by a bailee, a felony, and obtaining money under false pretense. True, false pretense is a misdemeanor; but cheating, deceit, or a similar fraudulent transaction, comes within the meaning of crimen falsi, as it involves moral turpitude: 8 R. C. L. p. 52.

We recognize that a trial judge is vested with considerable discretion as to the relevancy of evidence affecting the credibility of the witness or defendant, but we are clearly convinced that the court erred in admitting the record of a former offense that was neither a felony nor a misdemeanor in the nature of a crimen falsi.

We find no other reversible error in the record, but for the reasons given we are constrained to return the case for another trial.

Judgment is reversed, and a new trial granted.