## Commonwealth v. Kittell

*Karl E. Richards,* for Commonwealth; *Homer L. Kreider,* for defendant.

Fox, J., December 15, 1933.—The district attorney presents his petition for permission to enter a nol. pros. in the above case. The substance of the petition

is: That the defendant was indicted, charged with the unlawful possession of intoxicating liquor in the September Sessions, 1933; that on December 5th last, the Twenty-first Amendment to the Constitution of the United States was ratified and thereby the Eighteenth or "Prohibition" Amendment to the Constitution was repealed; that the said Twenty-first Amendment contains no saving clause for the prosecution of offences under the Eighteenth Amendment committed prior to the repeal thereof; that on November 29, 1933, the Act of Assembly known as the Pennsylvania Liquor Control Act was passed and became a law, by which, under section 802 thereof, the Act of March 27, 1923, P. L. 34, known as the "Snyder-Armstrong Act" was specifically repealed; and that the said Pennsylvania Liquor Control Act did not contain any saving clause for any offences committed under the "Snyder-Armstrong Act."

The "Snyder-Armstrong Act", amongst other things, made it unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within or import into or export out of this Commonwealth any intoxicating liquor for beverage purposes, with certain exceptions.

The law is and has been that all criminal proceedings which have not been determined by final judgment are wiped out by a repeal of the act under which the prosecution for the offence took place, unless there is a saving clause in the repealing act or a general statute providing that a repeal shall not affect prosecutions for offences committed while the statute was in force, or unless some of the provisions of the statute repealed are at the same time reënacted by a new statute, thereby continuing in force without interruption, so that all the rights and liabilities which have accrued under the repealed statute are by the new one prescribed. The legislature passed the said liquor control act, which was approved by the Governor on November 29, 1933, but did not embrace therein any of the offences as above stated in the "Snyder-Armstrong Act" and therefore did not continue or preserve the same.

In the case of The Irresistible, 7 Wheaton 551, the Supreme Court of the United States said: "that an offence against a temporary act cannot be punished after the expiration of the act, unless a particular provision be made by law for the purpose."

In the case of Genkinger v. The Commonwealth, 32 Pa. 99, it was held by our Supreme Court that, when an act of assembly is repealed during the pendency of a prosecution thereunder, the prosecution falls. In the case of Commonwealth v. Beattie, 93 Pa. Superior Ct. 404, where the subject is quite fully discussed, the same rule is reiterated, and it is said that the repeal of a penal statute bars prosecution or further prosecution for violation of the statute committed before the repeal, if there is no saving clause in the statute and no general statute providing that the repeal shall not affect prosecutions for offences committed while the statute was in force, and that all proceedings which have not been determined by final judgment are wiped out by repeal of the act under which the prosecution for the offence took place. The court also discussed the exception relating to the reënactment by continuing in force without interruption so that all rights and liabilities which have accrued under the repealed statute are preserved by the new and may be enforced. And in the very recent case of Hamilton v. Lawrence, 109 Pa. Superior Ct. 344, 350 (although the case was not one of a criminal matter but related to a matter of tax, carrying a penalty for failure to pay), the Superior Court again laid down the rule in this language:

"We are concerned with the effect of this repeal. The general rule is that a penalty falls with the repeal of the statute imposing it, unless the intention to retain it is clear. This was well expressed in the case of Com. v. Standard Oil

Co., 101 Pa. 119, 150, where Mr. Justice Paxson, speaking for the Supreme Court, said: 'The law upon this state of facts is well settled. The Commonwealth reserved the right to collect this tax only. The right to the penalties was gone. No judgment can be rendered in any suit for a *penalty* after the repeal of the Act by which it was imposed. The repeal of a statute puts an end to all suits founded upon it, even though commenced before the date of the repeal' ", citing authorities.

Wherefore we are of the opinion that we are controlled by the rule above stated, applying to both criminal and civil cases, which has been in vogue for a long period of time, and the legislature having failed to embrace in the repealing act a saving clause and not having reënacted by the new act any of the same offences as contained in the "Snyder-Armstrong Act", now repealed, and sentence of the defendant not having been imposed, the prosecution falls, the defendant cannot be tried for the charge under which he stood indicted, and the petition must be allowed. This is proper procedure and should be followed in all like cases now pending in our court.

And now, December 15, 1933, upon due consideration, it is hereby ordered and adjudged that the district attorney be and is hereby permitted to enter a nol. pros. therein at the cost of the County of Dauphin.