Com. of Pa. *v.* Caravella, Appellant.

Argued April 23, 1934. Before Trex-
ler, P. J., Keller, Cunningham, Baldrige, Stadtfeld,
Parker and James, JJ.

*Edward E. Petrillo,* and with him *F. Joseph Thomas,* for appellant.

*Stuart A. Culbertson,* District Attorney, for appellee.

OPINION BY KELLER, J., July 13, 1934:

Appellant was indicted for violation of the Act of March 27, 1923, P. L. 34, (Snyder-Armstrong Act), prohibiting the manufacture, sale, possession etc., of alcoholic liquors for beverage purposes. The indictment contained eight counts, which presented the offense charged under almost every form forbidden in section 3 of the Act. He was convicted generally on September 13, 1933, with a recommendation of mercy. On February 26, 1934 the court sentenced him on the third count—that charging him with the unlawful sale of intoxicating liquor for beverage purposes—to pay a fine of $400 and undergo imprisonment in the Allegheny County Workhouse for six months.

Two grounds of appeal are urged: (1) that the court erred in admitting in evidence the record of appellant's prior conviction of a like offense in a Federal court; (2) that the court erred in refusing to discharge appellant and imposing sentence after the repeal of the Act of March 27, 1923, supra, without any saving clause affecting pending cases.

(1) As to the first ground, appellant relies on our decision in Com. v. Schambers, 110 Pa. Superior Ct. 61, 167 A. 645. The court below took the position that by the Jones Act (March 2, 1929, c. 473, 45 Stat. 1446;

Jan. 15, 1931, c. 29, 46 Stat. 1036, U. S. Code, Title 27, secs. 91, 92) Congress had impliedly, (since the penalty by imprisonment exceeded one year: Act of March 4, 1909, c. 321, 35 Stat. 1152, U. S. Code Title 18, sec. 541), made violation of the laws prohibiting the sale, etc. of intoxicating liquors for beverage purposes a *felony* in the Federal courts, and hence not within the Schambers decision. We need not decide the question, for we are of opinion that the second ground relied on requires a reversal of the judgment and discharge of the defendant, and renders it unnecessary for us to consider alleged errors on the trial calling for a new trial.

(2) Appellant, in urging his second ground of appeal, relies on the decisions of the Supreme Court of the United States in United States v. Chambers, 291 U. S. 217 and Massey v. United States, 291 U. S. 608, decided March 12, 1934, which reaffirmed the Chambers decision; and also on decisions of our Supreme Court holding that the repeal of a statute pending a proceeding under it, not carried to judgment at the time of repeal, puts an end to the further prosecution of it, unless there be a saving clause in the repealing act: Abbott v. Com., 8 Watts 517; Genkinger v. Com., 32 Pa. 99, 102; Com. v. King, 1 Wharton 448, 460; Com. v. Duane, 1 Binney 601.

The Federal decisions relied on are not controlling in this case. They were not based on the repeal of any Federal statute, but on the repeal of the 18th Amendment to the Constitution. Before the 18th Amendment was adopted the Federal government could not constitutionally prohibit or regulate the manufacture, sale or possession of intoxicating liquors as a police measure. Legislation by Congress was restricted to the raising of revenue from, and the interstate shipment of, such liquors; and penal provisions enacted by Congress were confined to matters in aid

of those objects. The Federal government had no general police power looking to the prohibition, regulation or restriction of the liquor traffic. That power was limited to the States. The 18th Amendment changed this and gave the Federal government concurrent powers with the States to enact legislation designed as police measures to prohibit the traffic in intoxicating liquors for beverage purposes. When the 18th Amendment was repealed the police power of regulation, in aid of prohibition, was taken away from the Federal government. Congress was left, in this respect, where it had been before the 18th Amendment was adopted; and hence prosecutions, not carried to judgment, for violation of statutes which owed their existence to the police powers conferred by the 18th Amendment fell with the abrogation of those powers by the repeal of the 18th Amendment.

The repeal of the 18th Amendment had no effect whatever on prosecutions in our State courts for violation of the act in enforcement of prohibition. As this Commonwealth had the inherent police power to regulate, restrict or prohibit the traffic in intoxicating liquors before the adoption of the 18th Amendment, so its powers in that respect were not affected or curtailed by the repeal of that amendment.

But, as before pointed out, our own Supreme Court had early decided that the repeal of a statute pending a prosecution under it, which had not been carried to judgment before the repeal, put an end to the further prosecution of it, unless there was a saving clause in the repealing act. See the Pennsylvania cases cited above; and also, Com. v. Penna. Canal Co., 66 Pa. 41, 46; Scranton City v. Rose, 60 Pa. Superior Ct. 458, 461. Hence when the Woner Amendment of May 5, 1921, P. L. 407, was passed in enforcement of the 18th Amendment and certain provisions of the Act of May 13, 1887, P. L. 108, were impliedly repealed, it was pro-

vided in Section 12, that "Nothing in this Act shall affect any case in which it shall appear that the crime therein charged was committed prior to the date of the approval hereof, but such offenders may be prosecuted and punished as if this Act had not been passed." So, too, when the Act of May 5, 1921, P. L. 407, was expressly repealed and superseded by the Act of March 27, 1923, P. L. 34, under which this prosecution was brought, it was provided in Section 15 of the superseding act, that "Nothing in this act shall affect any case in which it shall appear that the crime therein charged was committed prior to the date of the approval hereof, but such offenders may be prosecuted and punished, as if this act had not been passed, under and in accordance with laws then in force, and, for such purpose, such laws are hereby specifically saved from repeal."

The Act of March 27, 1923, P. L. 34, was repealed, as respects malt and brewed liquors, by the Act of May 3, 1933, P. L. 252, to regulate and restrain the traffic in malt, brewed and vinous liquors, etc.; and was expressly repealed, *in toto*, by the Act of November 29, 1933,—Special Session,—P. L. 15, to regulate and restrain the sale, importation and use of alcoholic beverages, and authorizing the establishment of State stores for the sale of such beverages, etc., which became effective on its approval. In neither of these repealing acts was there any saving clause, permitting the continuance of prosecutions begun under the repealed act but not carried to judgment. It would seem, therefore, under the general rule stated above, that any prosecutions under the Act of 1923, supra, not carried to judgment by November 29, 1933, would fall with the repeal of the Act of 1923, unless there was some special reason for not applying the rule as stated. The court below and the district attorney contend that the case falls within our rulings in Com.

v. McNamara, 93 Pa. Superior Ct. 267, and Com. v. Beattie, 93 Pa. Superior Ct. 404, where it was held that the Vehicle Code of 1927 (Act of May 11, 1927, P. L. 886) which repealed the Act of June 30, 1919, P. L. 678, did not bar a prosecution begun under the 23d section of the Act of 1919, for driving an automobile while intoxicated, because the later and repealing act reenacted its provisions, with no change except as to the penalty; in conformity with the principle stated by Chief Justice MITCHELL in Haspel v. O'Brien, 218 Pa. 146, 67 A. 123: "When an act expressly repeals a former one and at the same time reenacts its exact provisions the intent is manifest that there shall be no change in the law." See also Com. v. Dickinson, 57 Pa. Superior Ct. 380; Com. v. Belevsky, 79 Pa. Superior Ct. 12.

An examination of the Vehicle Code of 1927 construed in the McNamara and Beattie cases, and of the Amendment of May 10, 1921, P. L. 435, to the Sedition Act of June 26, 1919, P. L. 639, construed in Com. v. Belevsky, supra, shows that they effected no radical change in the laws which existed before their passage and approval. The Vehicle Code of 1927 did little more than codify and rearrange the existing law, making but few minor changes in it, so that it was, in effect, a revision, collecting and consolidating the existing law and reenacting in substance the provisions of the laws which it replaced; bringing it squarely within the principle referred to in Endlich on Interpretation of Statutes, which was quoted with approval by Judge LINN in the McNamara case, pp. 272, 273. While the amendment of 1921 to the Sedition Act of 1919 made no other change than to substitute the words 'the intent of which is' for the words 'which tends,' in defining the meaning of 'sedition.'

But just as the Woner Act of 1921 and the Snyder-

Armstrong Act of March 27, 1923, supra, in enforcement of prohibition, made a complete and radical change in our system of dealing with intoxicating liquors by substituting for the regulation of such liquors by licensure the policy of absolute prohibition, so the Act of November 29, 1933, following the vote of three-fourths of the States to repeal the 18th Amendment, made just as complete and radical a change in our method of dealing with intoxicating liquors by substituting for absolute prohibition a policy of regulation, restriction, and licensure, tied up with a new system of State control of distilled liquors through stores operated by the Pennsylvania Liquor Control Board, an entirely novel project in Pennsylvania legislation. In no sense can the Act of November 29, 1933 be deemed a reenactment or continuance of the Act of March 27, 1923. It is vitally different from the law in force at its adoption, and although there may be a few points of agreement between them, that does not make it a reenactment or continuance of the former law, which it expressly repealed. Some offenses which were punishable as misdemeanors under section 3 of the Snyder-Armstrong Act are not illegal under the Act of 1933. The Act of November 29, 1933, is a complete departure from the Snyder-Armstrong Act of 1923 and is almost revolutionary in its change of policy toward intoxicating liquors. The very same authority which supervised the enactment of the Snyder-Armstrong Act enforcing prohibition, and inserted in it the section saving prosecutions pending under liquor licensure acts, which it repealed, also supervised the enactment of the regulatory Act of November 29, 1933, which expressly repealed the prohibitory Snyder-Armstrong Act, and included in it no such saving clause as to prosecutions pending, but not carried to judgment, under the act repealed. The general rule as to the

effect of such repeal on pending cases was well known to those who drew the Act of 1933. That they omitted such saving clause in the Act of 1933, while inserting it in the Act of 1923, is a circumstance that negatives any idea of implied intention to save pending prosecutions from the effect of the repealing clause. The Act of 'April 20, 1858, P. L. 365, which was a supplement to the Act of March 31, 1856, P. L. 200, regulating the sale of intoxicating liquors, and which in section 11 repealed the 28th section of the Act of 1856, did not make nearly as great or radical a change of policy towards intoxicating liquors as that effected by the Act of November 29, 1933 on prior legislation affecting such liquors—both acts—(1856 and 1858) —made any unlawful sale of vinous, spirituous, malt or brewed liquors a misdemeanor—yet the Supreme Court in Genkinger v. 'Com., 32 Pa. 99, 102, held that a. prosecution under the '28th section of the 'Act of 1856, on which an indictment was found at February Sessions, 1857, which was tried in May, 1857, resulting in defendant's conviction, but sentence not pronounced until June, 1858, fell with the repeal, without any saving clause, of that section by the Act of 1858. It applies with much more force to the Act of November 29, 1933, which repeal without any saving clause the Act of March 27, 1923, under which this prosecution was brought, and 'establishes an entirely new policy of dealing with intoxicating liquors and creates a wholly different method of regulation and restriction. The changes are so many and the differences so vital that under no reasonable construction can the Act of November 29, 1933 be considered a re-enactment or 'continuance of the law as established by the Act of March 27, 1923.

In the appeal to April Term, 1935, No. 12, the third and fourth assignments of error are sustained. The judgment is arrested and the defendant discharged.

The appeal to April Term, 1935, No. 2, was taken before sentence. There being no judgment when it was taken, it was premature and is quashed.