## MELARAGNO v. UNITED STATES.
### No. 6174.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1937.

Zeno Fritz, of Pittsburgh, Pa., for appellant.

Jay R. Spiegel, Asst. U. S. Atty., and Chas. F. Uhl, U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

MARIS, District Judge.

The appellant in this case was convicted of making and fermenting mash fit for distillation in violation of section 3282, Rev.St., as amended, 26 U.S.C.A. § 1185, and of depositing and concealing 160 gallons of fermented wine in violation of section 3450, Rev.St., 26 U.S.C.A. § 1156. During the course of the trial the Assistant United States Attorney was permitted over the objection of appellant's counsel to ask the appellant upon cross-examination: "Are you the same Patsy Melaragno that was convicted of having a 25-gallon still on the Melaragno farm, and sentenced February 10, 1925?" To which appellant answered: "Yes, sir." The only question to be determined upon this appeal is whether the court below erred in permitting this question to be answered. It is conceded that the offense referred to in the question was a misdemeanor and not a felony, and it is clear that it did not partake of the nature of a crimen falsi (Com. v. Schambers, 110 Pa.Super. 61, 167 A. 645), or involve moral turpitude. Bartos v. United States District Court (C.C.A.) 19 F.(2d) 722. The question for determination, therefore, may be stated to be whether evidence of his prior conviction of a misdemeanor which was not a crimen falsi and did not involve moral turpitude is admissible to attack the veracity of a witness in a criminal case.

It appears that this question has not heretofore been decided by this court. While it was present in Weiner v. United States (C.C.A.) 20 F.(2d) 522, the point was neither raised by the defendant nor considered by the court; consequently that case is not determinative of the question. The question has, however, been considered in nearly all the other circuits, and in most of them the rule appears to prevail that the only crimes admissible in evidence to attack the veracity of a witness

are felonies or misdemeanors in the nature of crimen falsi or involving moral turpitude. Scaffidi v. United States (C.C.A.) 37 F.(2d) 203; Wheeler v. United States (C.C.A.) 293 F. 588; Middleton v. United States (C.C.A.) 49 F.(2d) 538; Coulston v. United States (C.C.A.) 51 F.(2d) 178. A different rule seems to have been laid down in the Fourth Circuit [Workman v. United States (C.C.A.) 43 F.(2d) 44] and in the Ninth Circuit [Merrill v. United States (C.C.A.) 6 F.(2d) 120], but in the case of the latter, at least, it appears that the Circuit Court of Appeals followed and applied the common law of the state in which the case arose. An exhaustive review of these cases will be found in the opinion of the Circuit Court of Appeals for the First Circuit in Scaffidi v. United States, supra, and need not be repeated here.

Since the question before us involves a rule of evidence to be applied in the trial of criminal cases in the several district courts, it is inevitable that there should be differences in the rule in the different jurisdictions because the District Courts are required in such matters to follow the common law of the states in which they sit as it existed at the time of the passage of the Judiciary Act, 1 Stat. 92 (United States v. Reid, 12 How. [53 U.S.] 361, 13 L.Ed. 1023), or at the time of their later admission to the union, unless modified by act of Congress. It is true that this rule has been relaxed in certain cases, relating more particularly to the competency of witnesses, and in those cases the federal courts, in the face of greatly changed conditions, have modified certain common-law rules of evidence in the light of general authority and sound reason. Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136. It is, however, not suggested that changed conditions demand a modification of the rule of evidence involved in this case, and we, therefore, pass to a consideration of the common law of Pennsylvania, in which state the case arose. In that state the rule is that the only crimes admissible to attack veracity are such as affect credibility and refer to the conviction of a felony or a misdemeanor in the nature of crimen falsi. Com. v. Quaranta, 295 Pa. 264, 273, 145 A. 89; Com. v. Williams, 307 Pa. 134, 149, 160 A. 602, 607; Com. v. Schambers, 110 Pa.Super. 61, 63, 167 A. 645. That this was the common law of

Pennsylvania and not a rule established by statute in that state appears from the opinion of the Supreme Court of the state in Com. v. Williams, supra, in which Mr. Justice Kephart said:

"At common law generally, prior convictions of certain crimes in the nature of crimen falsi could be used as evidence to affect credibility, either through cross-examination or by the testimony of other witnesses. * * *

"Therefore conduct derogatory to a witness' character for veracity may be proved by showing by other witnesses that he has been convicted of an infamous offense. No collateral issue of fact is thus raised, as the record establishes the fact; only crimes of felony or a misdemeanor in the nature of crimen falsi are admissible to affect credibility. Com. v. Quaranta, supra."

It may, therefore, be presumed that the law of Pennsylvania upon this subject at the time of the passage of the Judiciary Act in 1789 was as above stated. The rule has never been modified in Pennsylvania, and in view of the fact that no contention is made that changed conditions demand its modification, and since it appears to be supported by the weight of authority in the other circuits, we feel constrained to follow it in the case before us. We accordingly hold that it was error to admit evidence of the defendant's prior conviction of a crime which was not a felony or a misdemeanor in the nature of a crimen falsi or involving moral turpitude.

We think that the reason for the rule excluding evidence of conviction of a misdemeanor not involving moral turpitude is well shown by the case before us. The defendant here was accused of a violation of the federal statutes regulating and taxing distilleries and alcoholic liquors. The evidence which the court admitted was that he had previously been convicted of operating a still. While evidence of this conviction had little or no bearing upon his credibility as a witness, it was well calculated to impress the jury with the fact that he had been previously convicted of an offense substantially similar to that for which he was then being tried. This could not but have been prejudicial to him, particularly in view of the well settled rule that evidence of the commission of one crime cannot be used to prove the commission of another. Weiner v. United States,

supra; Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077.

The judgment is reversed and the case remanded for a new trial.