### VERRO v. UNITED STATES.

### CAHILL v. SAME.

#### Nos. 6386, 6385.

Circuit Court of Appeals, Third Circuit.

Feb. 24, 1938.

Samuel Kagle and Thomas D. McBride, both of Philadelphia, Pa., for appellants.

James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Gancy, U. S. Atty., of Bethlehem, Pa., for the United States.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

These are appeals from judgments of the District Court for the Eastern District of Pennsylvania. Judgments of conviction were entered upon a verdict finding both appellants guilty of mail robbery, of placing the custodian of the mail in jeopardy by using a deadly weapon, and of conspiracy. The robbery occurred about 7:30 in the morning of June 1, 1934. Government witnesses identified both appellants as having been at the scene of the robbery. The appellants claimed to have been elsewhere at the time, and were corroborated by witnesses whose testimony, if believed, would substantiate the alibi defense. In order to test the credibility of those witnesses, the prosecuting attorney cross-examined them concerning prior arrests for matters unrelated to the present case. This was clearly error. In Melaragno v. United States, 3 Cir., 88 F.2d 264, we applied the Pennsylvania common-law rules of evidence and held that it was error to admit evidence of a prior conviction of a crime which was not a felony or a misdemeanor in the nature of a crimen falsi or involving moral turpitude. Government counsel concede that if it is error to admit evidence of prior convictions, it is certainly error to admit evidence of prior arrests which do not have the weight of a judicial determination of the guilt of the party arrested.

In the Verro appeal, No. 6386, the government contends that this error was harmless, because McCall, the appellant's witness, had voluntarily testified that he was a bootlegger. The permitted cross-examination went so far afield, however, that

we must conclude that the appellant was prejudiced, for it is quite conceivable that the evidence thus elicited affected the jury's verdict. Nicola v. United States, 3 Cir., 72 F.2d 780; Little v. United States, 10 Cir., 73 F.2d 861, 96 A.L.R. 889. The situation in the Cahill appeal, No. 6385, is complicated by the absence of exceptions to the objectionable line of examination. In view of the fact that the appellants were indicted, tried, and convicted jointly, it is clear that testimony which prejudiced one appellant may also have prejudiced the other. Although we are reluctant to take notice of errors to which no exception has been taken, we may exercise that power when the record convinces us that prejudicial error has been committed. United States v. Vigorito, 2 Cir., 67 F.2d 329.

The judgments are reversed, and new trials ordered.