**UNITED STATES v. PETERSON et al.**
**(two cases).**
**Nos. 7320, 7321.**

District Court, E. D. Pennsylvania.
Sept. 16, 1938.

Gerald A. Gleeson, Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa.

B. Nathaniel Richter, of Philadelphia, Pa., for defendants.

MARIS, Circuit Judge.

The defendant, Bill Peterson, was convicted upon two indictments charging violation of counterfeiting laws. He has moved for a new trial and in arrest of judgment. He has, however, failed to present a bill of exceptions and since the trial took place nearly three months ago my memory of the testimony and charge is not sufficiently distinct to enable me to pass upon those reasons assigned for a new trial which are based upon alleged trial errors. It would, therefore, be improper for me to grant a new trial for any of these reasons (Parshall v. Minneapolis & St. L. R. Co., C.C., 35 F. 649), but I may say that I have carefully considered them in the light of such recollection as I have of the trial and I find no merit in any of them.

A further reason advanced by the defendant in support of his motion is that the jury panel from which the petit jury that tried him was drawn was illegally selected. This objection should have been made by challenge to the array before trial and it was waived by the defendant's failure to make it before the jury was sworn and the trial commenced. It may, therefore, not now be considered.

Finally the defendant strongly urges that it was reversible error for me to sustain the Government's objection to the argument of defendant's counsel in his speech to the jury that it was the duty of the Government to produce all of the witnesses in the case, and not to place upon the defendant the burden of calling witnesses whom the Government knew would be adverse to the prosecution. While this contention should have been supported by a bill of exceptions, it involves a fundamental question which I will consider. The defendant was indicted upon a charge of conspiracy with five other individuals, all of whom had been previously tried before me and convicted by a jury. There was no testimony connecting the defendant with the conspiracy except that of co-conspira-

tors identifying him as having been present at two meetings of the conspirators. The Government relied upon the testimony of two of these co-conspirators but did not call the other three. Counsel for the Government informed the court and counsel for the defendant that they would not be called because, while he did not know what they would say, he was not satisfied that they would tell the truth.

The defendant refers to authorities holding that it is the duty of the prosecutor in a homicide case to produce all eye witnesses and argues that this rule was applicable to the present case. The rule referred to grew out of the rigors of the ancient common law which did not permit the prisoner to call witnesses in his defense. The reason for the rule having long since passed away it is generally held to be no longer applicable (Dillon v. State, 137 Wis. 655, 119 N.W. 352, 16 Ann.Cas. 913), and it is now sufficient if the prosecutor notifies the defendant of his determination not to call a particular witness who was present when the crime was committed. Com. v. Deitrick, 221 Pa. 7, 70 A. 275. Certainly there is no rule which requires the United States Attorney to offer the evidence of a convicted co-conspirator if he believes that the latter will commit perjury upon the witness stand. Indeed prior to the decision of the Supreme Court in Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406, a convicted co-conspirator would not have been a competent witness for either party under any circumstances.

There was in the case before me no concealment of material witnesses by the Government. On the contrary the defendant knew of the whereabouts of all three of the co-conspirators not called by the Government and he actually procured the testimony of two of them as witnesses in his favor. He was, therefore, not prejudiced by the failure of the Government to call them. He strongly complains, however, that the necessity of his calling them placed him under a great disadvantage because their testimony was discredited upon cross-examination by their admissions of convictions of prior offenses. In making this argument he overlooks the fact that one of the chief purposes of cross-examination is to test the credibility of a witness and that he had a like opportunity to test the credibility of the two co-conspirators whom the Government called. He has no ground to complain of the fact that his witnesses were found upon cross-examination to have serious criminal records since the jury was entitled to know of any convictions of felonies or of misdemeanors in the nature of crimen falsi in weighing the credibility of their testimony. Melaragno v. United States, 3 Cir., 88 F.2d 264. It follows that I was right in sustaining the Government's objection to defendant's counsel's statement to the jury that the Government had a legal duty to call all the co-conspirators as its witnesses.

The conviction of the defendant followed the positive identification of him as one of the conspirators by the two co-conspirators called by the Government. Their testimony and that of the defendant and his witnesses raised a clear issue of fact which was, I think, fully and fairly submitted to the jury by my charge. The verdict of the jury resolved that issue against the defendant. Under the circumstances I can see no reason why a new trial should be granted.

The reasons assigned by the defendant in support of his motion in arrest of judgment are equally without merit. Indeed the motion appears to have been abandoned by him at the argument. It must, therefore, be refused.

Defendant's motions for a new trial and in arrest of judgment are refused.