## Commonwealth v. Snyderman, etc.

*N. L. Wymand*, Deputy Attorney General, and *Thomas I. Guerin*, Special Deputy Attorney General, for Commonwealth.

*H. Jerome Jaspan* and *Harry R. Back*, for defendant.

BROWN, JR., J., February 15, 1939.—The Commonwealth of Pennsylvania filed this bill in equity under the provisions of section 608(b) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended

and reënacted by the Act of June 16, 1937, P. L. 1762, to which defendant has preliminarily objected on the sole ground that section 608(b) is unconstitutional, in that it violates Article III, Section 3 of the Pennsylvania Constitution, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." Defendant contends that the subject matter of section 608(b) is not clearly expressed in the title of the act of 1933.

Section 608(a) of the act provides that any place, except a private home, where liquor is possessed or sold in violation of the act is a common nuisance, and any person maintaining such a place shall be guilty of a misdemeanor. Section 608(b) authorizes any court with equity jurisdiction, upon action instituted by the Attorney General or the district attorney of the proper county, to enjoin further sale of liquor, and, after ordering the nuisance to be abated, to enjoin any occupation or use of the place for one year, or, in the court's discretion, to permit such occupation or use only upon the posting of a penal bond by the owner or occupant.

The general principles governing the construction of Article III, Section 3 of the Pennsylvania Constitution have been so frequently reiterated by the courts of the Commonwealth that a brief reference to them will suffice. It is well-settled that the provision is not applicable "unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill": Carr v. Aetna A. & L. Co., 64 Pa. Superior Ct. 343, 349; Soldiers and Sailors Memorial Bridge, 308 Pa. 487, 490; Commonwealth v. Stofchek, 322 Pa. 513, 517. "The title of an act is not required to be a complete index of its contents": Turco Paint & Varnish Co. v. Kalodner et al., 320 Pa. 421, 436. It "need name only the real subject of the legislation, and . . . it need not index all the subdivisions thereof, nor any matters that may be fairly related to it": Retirement Board of Allegheny County v.

McGovern et al., 316 Pa. 161, 165. " 'If the subject is designated with sufficient clearness to put one on inquiry into the body of the act, all necessary or appropriate details to carry out the purpose of the statute there found will be treated as within the title'. . . . All that is necessary is that the title of the act should be sufficient 'to put any one, having an interest in the subject-matter, on inquiry' ": Annenberg v. Roberts et al., 333 Pa. 203, 209. The provisions of an act are adequately expressed in the title "if it give notice of their tenor to interested persons of a reasonably inquiring state of mind. . . .": Commonwealth v. Stofchek, supra, 518. See also Boock's Petition, 303 Pa. 363, 366. The purpose of the constitutional requirement was to guarantee "that the title of acts thereafter should be so indicative of the subject of the act as to lead to inquiry and not mislead and entrap": Leinbach's Estate, 241 Pa. 32, 37; Mallinger v. Pittsburgh, 316 Pa. 257, 262. Finally, as in all cases in which the constitutionality of a statute is attacked, it must be borne in mind that "the presumption is that there has been a valid exercise of the legislative power": Commonwealth v. Sweeney, 281 Pa. 550, 556-557, and, with special reference to the present problem, that "It will not do, therefore, to impale the legislation of the state upon the sharp points of criticism, but we must give each title, as it comes before us, a reasonable interpretation, *ut res magis valeat quam pereat*": Allegheny County Home's Case, 77 Pa. 77, 80. The general principles governing the construction of Article III, Section 3 of the Constitution, with reference to the very act now under consideration, were admirably summarized by Chief Justice Kephart in Commonwealth v. Stofchek, supra, at pages 517 to 519. See also Buckalew, Constitution of Pennsylvania, page 68, and White, Constitution of Pennsylvania, pages 216-228.

A statement of the foregoing principles is sufficient in itself to indicate that the subject matter of section 608 (b) is "clearly expressed" in the title of the act of 1933, within the meaning of the Constitution. Several clauses

of the title, read in conjunction with each other, should certainly put "interested persons of a reasonably inquiring state of mind" on notice of the provisions of this section. The title states that this is an act "to regulate and restrain the sale, importation, and use of certain alcoholic beverages; conferring powers and imposing duties upon . . . other officers of the State government, courts, and district attorneys . . . prohibiting certain sales or practices in, connections with, and transactions in such beverages by licensees and others . . . and imposing penalties." It seems inconceivable that one who is concerned with liquor transactions should not understand, from a reading of the title, that he might be subject to certain "penalties" administered by the "courts" in actions brought by "officers of the State government". He would not be possessed of a reasonably inquiring mind if he did not then look further, and discover section 608, which does nothing more than impose penalties, through the agencies mentioned in the title.

In New Castle City v. Withers, 291 Pa. 216, the title of the Act of June 7, 1901, P. L. 493, known as the plumbing code, as amended by the Act of May 14, 1909, P. L. 840, was attacked. Section 66 provided for the abatement of nuisances maintained in violation of the provisions of the act, and it was contended that insofar as the act thus enlarged the equity jurisdiction of the courts, it was unconstitutional, because such enlargement of power did not appear in the title. This did, however, include the clause "imposing fines, penalties, and forfeitures for violation thereof". In words peculiarly applicable to the instant case, the court stated (pp. 221-222) : "The act does not enlarge equity jurisdiction . . . but if it did, when defendant and her husband decided they would violate the act, they saw, if they read the title, that penalties were imposed for its violation. It is inconceivable that their curiosity was not whetted to learn what penalties they would be subjected to and how they would be en-

forced (the Constitution presupposes a reasonably inquiring state of mind in those who read the title of an act: Reeves v. Phila. Suburban Water Co., 287 Pa. 376), and thus stimulated to ascertain, they read in the body of the act that one of its penalties is to have the nuisance they would create, by failing to comply with it, abated by action before a court of record."

But even if in the title of the act of 1933 no mention had been made of "penalties", it would have been sufficient to give notice of the contents of section 608. Thus, in Germantown Trust Co. v. Powell, 265 Pa. 71, it was stated (p. 80) : "This court has expressly decided that the constitutional provisions relating to title of acts of assembly does not require the title to give notice of penalties or other punishment for violations: Com. v. Sellers, 130 Pa. 32; Com. v. Muir, 180 Pa. 47." In Commonwealth v. Sellers, supra, in determining that the Act of May 13, 1887, P. L. 108, which was also a liquor control act, and which, in section 18, provided for the abatement of nuisances maintained in violation of the act, was constitutional, the court said (p. 35) : "The act in question is entitled 'An act to restrain and regulate the sale of vinous and spirituous, malt, or brewed liquors, or any admixture thereof.' There is not a single section, or clause of any section, in the act, that is not clearly germane to the subject expressed in its title." It will be noticed that the entire title of the act of 1887 was tantamount to only the first clause of the title of the act of 1933.

In addition, the express reference in the title of the act of 1933 to certain branches of the subject, with which it proposes to deal, does not impair the validity of the title, since such specification would not affirmatively mislead anyone into the belief that it was the legislative intention to exclude other collateral subjects, not expressly mentioned in the title: Commonwealth ex rel. White v. Miller, 313 Pa. 140, 143-144.

The bill alleges that defendant sold liquor illegally on various dates, specifically set forth, between August 24,

1935, and March 16, 1937, "and at divers other times before and thereafter". Hence, it cannot be determined until final hearing whether the amendatory Act of June 16, 1937, P. L. 1762, is applicable. Nevertheless, this act in which section 608 is included almost verbatim, bears a more detailed title than does the act of 1933, in that it adds, inter alia, the terms "providing for the forfeiture of certain property; regulating the jurisdiction of courts . . . ." Clearly, therefore, as the title of the act of 1933 adequately expresses the subject matter of section 608, the same is true of the title of the act of 1937.

Defendant relies strongly on the contention that section 608 was copied, in substance, from a similar section in the Act of March 27, 1923, P. L. 34, known as the Snyder-Armstrong Act, the title of which contained a specific reference to "the abatement of nuisances", and that, although the nuisance provisions were included in the act of 1933, there was no direct reference thereto in the title. This is referred to by defendant as "an oversight of the legislature." This argument is not persuasive. The act of 1923 has been repealed, and it has been expressly held that the Pennsylvania Liquor Control Act of 1933 is not "a reënactment or continuance of the former law," but "is a complete departure" therefrom: Com. of Pa. v. Caravella, 113 Pa. Superior Ct. 263, 269, and that "The title of the act comprehends a complete system for liquor control within the Commonwealth": Commonwealth v. Stofchek, supra, 518. It must be treated as such, and its validity determined accordingly.

Defendant's preliminary objections to the bill are, therefore, dismissed. Defendant shall answer over within fifteen days, otherwise the bill may be taken pro confesso.

### Supplemental opinion

BROWN, JR., J., March 13, 1939.—Defendant's preliminary objections to the bill were originally submitted to the court, by agreement of counsel, on briefs, and after the court had dismissed them, defendant presented a

petition asking leave to argue them orally. In view of the constitutional question involved, though an opinion had been filed, this was granted. Oral argument has been heard, and we are of the opinion that our prior conclusion should not be modified.

In holding that section 608(b) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended and reënacted by the Act of June 16, 1937, P. L. 1762, is constitutional, we considered at some length in our opinion dismissing the preliminary objections, defendant's various contentions to the contrary, and it is not necessary, therefore, to repeat what was then stated. At the oral argument, however, defendant placed particular emphasis upon the fact that express reference was made to "the abatement of nuisances" in the title of the Beverage License Law of July 18, 1935, P. L. 1217, which amended and reënacted the Act of May 3, 1933, P. L. 252, and which added, inter-alia, a provision similar to section 608(b) of the Pennsylvania Liquor Control Act, supra. No mention of this was made in our former opinion, and so it is appropriate that we now point out that the Beverage License Law is a separate statute, regulating a different subject, and also having a different legislative history. The fact that its title is more detailed than the title of the Liquor Control Act does not affect the validity of the latter. We have before us, and are concerned, only with the act under which the present bill has been brought. As the title of this act meets the standard set up by the Constitution, the act is constitutional. Furthermore, we do not believe that the difference in particularity between the titles of these two acts would confuse or mislead "interested persons of a reasonably inquiring state of mind". Anyone reading the title of the Liquor Control Act should be prompted to inquire as to the "penalties" imposed by the act, and, upon investigation, should discover section 608(b). Nothing that is said in any other statute can affect this conclusion.

It has never been a principle of statutory construction that because one act may have been more carefully drawn than another, the latter is necessarily unconstitutional. Each act must conform to the requirements of the Constitution, and, if it does, it is valid.

As previously ordered, defendant's preliminary objections are dismissed. Defendant shall answer over within five days, otherwise the bill may be taken pro confesso.