## Marshall *v.* Carr, Appellant.

*Evidence—Witness— Cross-examination — Credibility — Former misconduct of witness—Marriage.*

1. A witness cannot be cross-examined as to his former misconduct with a woman, where such misconduct has nothing to do with the case on trial, and the purpose of the question is merely to discredit his testimony; and especially is this the case where the alleged misconduct occurred twenty-six years before the trial.

2. The rule that a witness may decline to answer such questions as may tend to incriminate him does not apply to such case.

3. Where a defendant in ejectment claims a life estate as surviving husband of a deceased woman, and sets up a ceremonial marriage, which plaintiff, a son of deceased, avers was with another woman, defendant may be cross-examined as to his relations with the deceased before the alleged marriage.

4. In such case, where criminal proceedings were instituted against the deceased woman after the date of such marriage, evidence is admissible to show that both deceased and defendant stated on oath that she was a widow, but such evidence does not justify the trial judge in stating that they convicted themselves of perjury, if they were in fact married.

5. If it appears deceased petitioned for a pardon, describing herself as a widow, and defendant assisted her in such proceedings and wrote a letter in her behalf to the Pardon Board, evidence to that effect is admissible against him.

6. The report of the Pardon Board is not competent evidence in such case.

*Evidence—Perjury—False statement under oath.*

7. A false statement under oath is not necessarily perjury.

*Marriage—Evidence—Witness—Competency of parties to marriage.*

8. A denial of marriage by one party is not evidence against the other, unless made in the presence of or acquiesced in by the other.

*Appeals—Exception—Charge—General exception.*

9. Where exception to a charge has been taken only by a general exception, errors can be assigned to such matters only as are basic and fundamental.

Argued May 10, 1921. Appeal, No. 24, Jan. T., 1921, by defendant, from judgment of C. P. Luzerne Co., Nov. T., 1915, No. 759, on verdict for plaintiff, in case of Furman Marshall v. Frank L. Carr. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Ejectment. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various rulings and instructions, as stated in the opinion of the Supreme Court, quoting the bills of exceptions.

*S. S. Herring,* for appellant.—Statements made by Clarissa Marshall Carr after her marriage to the defendant, to the effect that she was a widow, or not married to the defendant, were inadmissible: Hill v. Hill, 32 Pa. 511; Moore's Est., 9 Pa. C. C. R. 338.

The finding or statement made by the Board of Pardons to the Governor that she was a widow, was inadmissible.

The court must not omit or slur over the strong points on either side: Borham v. Davis, 146 Pa. 72; Ensminger v. Hess, 192 Pa. 432; Stokes v. Miller, 10 W. N. C. 241.

*Q. A. Gates,* with him *F. A. McGuigan,* for appellee.

OPINION BY MR. JUSTICE WALLING, July 1, 1921:

This appeal is by defendant from judgment entered for plaintiff upon a verdict in an action of ejectment, in which plaintiff claimed title as sole heir of Clarissa Marshall, who died seized in September, 1915; while defendant claimed a life estate, as her surviving husband, and also that her name was Clarissa Marshall Carr. She and defendant lived together at Wilkes-Barre and cohabited practically as husband and wife from about the year 1900 until her death, and defendant testified that they were married by a magistrate in Scranton on September 25, 1911, and he is corroborated by a marriage license and certificate. Plaintiff's evidence tends to show that it was another woman, who impersonated his mother, to whom defendant was married at Scranton.

Clarissa kept a house of prostitution and, on cross-examination, defendant was asked if about the year 1892 he had not lived with another woman named Eagler, who also kept a house of prostitution at Wilkes-Barre. The objection of plaintiff's counsel to this line of cross-examination was overruled and defendant answered in the affirmative. This forms the basis of the first and second assignments of error, which must be sustained. Defendant's intimacy with the Eagler woman was entirely foreign to the questions here at issue and occurred years before he went to live with Clarissa. The only possible object of bringing it out was to discredit the defendant and his testimony, and for that purpose it was incompetent. It is well settled in this State that a witness may not be cross-examined as to his alleged misconduct, or even criminal acts, entirely disconnected with the case on trial. A witness may be interrogated

as to his conviction of such an offense as affects his credibility: Com. v. Racco, 225 Pa. 113.   But it is not proper practice to ask him as to his guilt of some alleged crime not connected with the case on trial and for which he was never convicted: Stout v. Rassel, 2 Yeates 334; Elliot v. Boyles, 31 Pa. 65; Com. v. Varano, 258 Pa. 442, 446.   A witness may not, to affect her credibility, be cross-examined as to whether she is running a house of ill-repute in which gambling is carried on and liquor sold contrary to law: Com. v. Williams, 209 Pa. 529, 530, and cases there cited.   To like effect are Ramsey v. Johnson, 3 P. & W. 293; Hoffman v. Kemerer, 44 Pa. 452; Com. v. Shanor, 29 Pa. Superior Ct. 358.   The rule is the same in California (Estate of James, 124 Cal. 653), although in some states it is otherwise.   The natural result of this improper cross-examination was to prejudice defendant with the jury and, hence, a new trial should be granted.   The case does not fall within the rule that it is the personal privilege of the witness to decline to answer such questions as may tend to criminate him; a witness is disgraced rather than criminated by being compelled to admit he had lived in a state of fornication with a lewd woman twenty-six years before.   Moreover, without deciding whether such misconduct would affect the credibility of a witness, it certainly should not be admitted for that purpose when committed so long before he was called to testify.   If such cross-examination were to be permitted it should, by analogy to evidence of general reputation, be confined to misconduct of a comparatively recent date: Miller v. Miller, 187 Pa. 572, 590; Hopkins v. Tate, 255 Pa. 56, 62.

It was not error to allow the cross-examination of defendant as to his relations with Clarissa before the alleged ceremonial marriage.

Shortly after such marriage she was arrested for keeping a bawdyhouse and, when taken before the magistrate, the evidence tended to show, both she and defendant stated on oath that she was a widow.   If she so stated,

and it was concurred in by him, it was competent as tending to disprove the claim of marriage; although not justifying the comment of the trial judge that by such statement they convicted themselves of perjury if they were in fact married. False statements made under oath are not necessarily perjury; it depends upon their materiality and other circumstances. She was later indicted on that charge and entered a plea of guilty, under the name of Marshall, and was sentenced to six months imprisonment. She petitioned for a pardon averring she was a widow. Defendant assisted in the preparation and circulation of the petition and wrote a letter in her behalf to the Pardon Board, referring to her as Mrs. Marshall. In view of the letter and his knowledge of and relation to the petition, both were properly admitted in evidence. However, the denial of marriage by one party is not evidence against the other, unless made in the presence of or acquiesced in by the other: Hill v. Hill's Administrator, 32 Pa. 511; Thompson v. Nims, 83 Wis. 261; and see opinion of the late Judge ASHMAN in Moore's Est., 9 Pa. C. C. R. 338. The report of the Pardon Board was not competent evidence, and, as we understand the record, was not treated as such.

The record shows no exception taken by defendant to the charge, before verdict, but as his counsel thereafter averred he had asked for one, the trial judge sealed it for him nunc pro tunc. However, it was at most only a general exception and thereunder errors could be assigned to such matters only as were basic and fundamental (Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243), and the excerpts from the charge called to our attention are not of that character.

The first and second assignments of error are sustained and thereupon the judgment is reversed and a venire facias de novo awarded.