## Commonwealth *v.* Jones, Appellant.

Argued March 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*A. Morris Ginsburg,* with him *Arthur D. Stevenson,* for appellant.

*J. E. Kalson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 24, 1939:

Defendant stands convicted of murder of the second degree and was duly sentenced. He raises in bar of the affirmance of the judgment of sentence a single proposition: That the court improperly received in evidence from the Commonwealth, as affecting his credibility, after he had offered himself as a witness and proof of good reputation, an indictment to which years before he had entered a plea of guilty. That indictment contained two counts. The first charged him with assault and battery "with intent him, the said Samuel Jackson, then and there feloniously to murder." The second count charged "in and upon the body of the said Samuel Jackson, feloniously did unlawfully and maliciously make an assault, and him, the said Samuel Jackson, then and there unlawfully and maliciously did stab, cut, and wound, with intent the said Samuel Jackson then and there to maim, disfigure and disable." Both counts charged felonies.

The bill of indictment was not presented to the grand jury, but, defendant acting under the statute of April 15, 1907, P. L. 62, 19 PS Sec. 241, entered a plea of guilty. The endorsement to this effect entered upon the bill is as follows: "And now, March 28, 1924, defendant having been charged with the offense herein set forth, and having notified the District Attorney of his willingness to enter a plea of guilty, and this indictment having been thereupon prepared, defendant having read same does plead guilty thereto, which plea is entered at his request." The foregoing is printed matter reproduced from a rubber stamp used by the clerk of the court where pleas of guilty were entered before bill found. Immediately following the stamped notation written with pen and ink appears "To unlawful wounding."

It is the contention of appellant's counsel that this was a plea to the offense of "unlawful wounding" as set forth in the Act of March 31, 1860, P. L. 382, Sec. 98, 18 PS Sec. 2112, "If any person shall . . . unlawfully

cut, stab or wound any other person, every such person shall be guilty of a misdemeanor" and that being a misdemeanor the indictment could not be received in evidence to affect the credibility of defendant.

The general rule is, that the records of previous convictions which are admissible to attack the credibility of a defendant in a criminal case, who has testified in his own behalf, are such only as affect credibility, that is to say, conviction of a felony or a misdemeanor in the nature of a crimen falsi, "Conduct derogatory to a witness's character for veracity may be proved by showing by other witnesses that he has been convicted of an infamous offense. No collateral issue of fact is thus raised, as the record establishes the fact; only crimes or felony or a misdemeanor in the nature of crimen falsi are admissible to affect credibility:" *Com. v. Williams,* 307 Pa. 134, 149, 160 A. 602, 607; *Com. v. Schambers,* 110 Pa. Superior Ct. 61, 64, 167 A. 645. In the latter case it was said: "'The term [crimen falsi] involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud': 16 C. J. 60, Sec. 12. It has been held to include, also, forgery, perjury, subornation of perjury, suppression of testimony by bribery or conspiracy to procure the absence of a witness, barratry, the fraudulent making or alteration of a writing, to the prejudice of another man's right." See also *Com. v. Quaranto,* 295 Pa. 264, 272, 145 A. 89; *Com. v. Wiswesser,* 124 Pa. Superior Ct. 251, 188 A. 604.

In the light of these decisions, and bearing in mind that a defendant indicted for a high crime, may plead guilty to a lesser one which is a constitutent of it *(Com. v. Parker,* 146 Pa. 343, 23 A. 323; *Com. v. Bergdoll,* 55 Pa. Superior Ct. 186; *Com. v. Anagustov,* 82 Pa. Superior Ct. 156; *Com. v. Trombetta,* 131 Pa. Superior Ct. 487, 200 A. 107) ; what have we before us under the plea as entered? Defendant having been charged with

the offense set forth in the indictment, notified the district attorney of his willingness to enter a plea of guilty "and this indictment having been thereupon prepared, defendant having read same does plead guilty thereto, . . . to unlawful wounding" which the second count charged, and as it charged such unlawful wounding "With intent to maim, disfigure and disable" it charged a felony (Act of March 31, 1860, P. L. 382, Sec. 83, 18 PS Sec. 2113), and therefore the trial judge did not commit error in receiving the indictment in evidence to affect defendant's credibility.

Judgment affirmed.