J-A12005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| JASON PARKS, | |
| Appellant | No. 1540 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000100-2013

BEFORE:  BOWES, DONOHUE AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                     **FILED JUNE 17, 2015**

Jason Parks appeals from the judgment of sentence of forty-five days incarceration to be followed by county intermediate punishment imposed by the court after it found him guilty of driving under the influence ("DUI")—highest rate, second offense, DUI—general impairment, and summary traffic violations.  We affirm.

Penn Township Police Officer Christopher Zampogna was on patrol on November 22, 2012.  At approximately 1:15 a.m., Officer Zampogna observed a vehicle traveling in front of him going in the same direction.  He saw the car come to a stop in the right hand turn lane before moving to the left turn lane without signaling.  The operator of the car, however, did not turn left, but proceeded to go straight through the intersection.  Before

traveling through that intersection, the driver stopped the vehicle in the middle of the intersection. The driver then made a sharp right turn from the intersection without signaling, before traversing over a small cement divider. The car then made a left hand turn, again without a signal, and nearly collided with the curb on the side of the road. Officer Zampogna effectuated a traffic stop based on the erratic driving. Appellant was driving.

Officer Zampogna detected the odor of an alcoholic beverage on Appellant's breath and asked Appellant if he had been drinking. Appellant admitted to consuming one beer. In addition, Appellant's eyes were glassy and he was slurring his speech. Accordingly, Officer Zampogna asked Appellant to perform field sobriety tests. Appellant failed the first test, a one-legged stand test, when he lost his balance after a six-second count. Next, Officer Zampogna demonstrated the walk and turn test. Appellant could not successfully complete that test. He took four steps before losing his balance and could not walk heel to toe. Officer Zampogna placed Appellant under arrest and transported him to Harrisburg Hospital for a blood draw. Appellant's blood alcohol content ("BAC") was .165%.

Prior to trial, Appellant filed a motion *in limine* requesting permission to introduce evidence that Officer Zampogna had been arrested and charged, but not found guilty, of attempting to acquire a prescription drug by misrepresentation. Specifically, Appellant alleged that the Pennsylvania Attorney General's Office had submitted an affidavit of probable cause for

arrest based on the officer's admission that he lied and asked his wife, a dermatologist, to prescribe him hydrocodone. Appellant wished to introduce this evidence to impeach the officer, as well as show that Officer Zampogna had been addicted to hydrocodone. The parties filed briefs on the issue and the court denied Appellant's motion. The matter proceeded to a non-jury trial before a different judge.

The court found Appellant guilty of DUI—general impairment, DUI—highest rate, second offense, and several summary traffic offenses. Subsequently, on August 14, 2014, the court imposed sentence. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the court which ruled on the motion *in limine* authored a short memorandum decision. The matter is now ready for this Court's review. Appellant raises one issue for our consideration: "Is evidence of prior criminal activity, and prior false statement to law enforcement not resulting in a conviction admissible to impeach the Affiant (police officer) in an unrelated proceeding?" Appellant's brief at 4.

In considering the denial of a motion *in limine*, we employ an evidentiary abuse of discretion standard unless the question is purely one of law. **Commonwealth v. Moser**, 999 A.2d 602, 605 (Pa.Super. 2010). Generally, the admission of evidence "will not be disturbed on appeal unless

that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id*.

Appellant acknowledges that Pennsylvania law precludes a witness from being impeached by evidence of criminal activity that did not result in a conviction. However, he argues that an exception should exist because the officer herein was the only witness to the crime and was arrested and admitted to providing false information to law enforcement. In support, Appellant relies on *Downey v. Weston*, 301 A.2d 635 (Pa. 1973), a personal injury case. Therein, the Pennsylvania Supreme Court precluded cross-examination of an expert physician on whether he had violated his Hippocratic Oath and ethical standards by disclosing a medical file to the attorney for a defendant doctor. In doing so, however, the *Downey* Court did opine that evidence of misconduct could be admissible on cross-examination where it "bears directly on the witness' 'character of truth.'" *Downey*, *supra* at 639. The Commonwealth counters that this Court is bound by prior precedent, which prohibits impeaching any witness with evidence of a crime for which the witness was not convicted. We agree.

Pennsylvania Rule of Evidence 608(b)(1) provides that, except for evidence relating to a conviction of a *crimen falsi* crime, *see* Pa.R.E. 609, "the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct[.]" Pa.R.E. 608(b)(1). The comment to

- 4 -

the Rule sets forth that it "prohibits the use of evidence of specific instances of conduct to support or attack credibility. This is consistent with Pennsylvania law. **See Commonwealth v. Cragle**, 281 Pa. Super. 434, 422 A.2d 547 (1980)." Comment to Pa.R.E. 608.

In **Cragle**, this Court noted that, "Pennsylvania case law has long held that a witness may not be impeached by evidence of criminal activity for which the witness has not been convicted." **Id**. at 548 (collecting cases). Therein, defense counsel attempted to cross-examine a prosecution witness regarding evidence of prior receiving stolen property crimes for which he had not been convicted. The trial court declined to permit the cross-examination. This Court affirmed that ruling. The **Cragle** Court specifically addressed **Downey**, **supra**, concluding that the statement referenced by Appellant herein was *dicta* and even if it was not *dictum*, it was not intended to overturn a long line of consistent precedent *sub silento*, which dated back to 1798. **See, e.g., Stout v. Rassel**, 2 Yeates 334 (Pa. 1798) ("The credit of a witness is only to be impeached by his general character, and not by charges of particular offences of which he has not been convicted."). Since the trial court appropriately applied existing law, we find that it did not abuse its discretion or commit an error of law.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015