J-S13023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KHALIL MARSHALL | : | |
| | : | |
| Appellant | : | No. 1574 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012768-2015

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                    **FILED:  MAY 24, 2021**

Appellant, Khalil Marshall, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for aggravated assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 1, 2015, Officer Tyrone Bacon and his partner were on patrol when they received a radio call that a man had been shot in the head on Rubicam Street.  Upon arriving at the address, Tashina Wright informed the officer that

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702.

Stanley Marshall ("Victim")[2] had been shot in the head and was upstairs being treated by an emergency medical technician. Ms. Wright was visibly upset.

Ms. Wright told officers that Appellant and Victim had a verbal altercation that became physical. During the fight, Appellant was either thrown or knocked over the staircase banister. After Appellant fell over the banister, Victim told him and Ms. Wright to leave the premises. Appellant then repeatedly yelled that he was going to murder Victim. Victim returned to the room where he had been previously watching television, but Appellant continued to scream at and threaten him. Victim again told Appellant to leave, at which time Appellant went into a bedroom and emerged with a gun. At that time, Victim grabbed a baseball bat and again told Appellant to leave. Ms. Wright attempted to step in between Appellant and Victim, but Appellant pushed her aside and fired the gun; bullets struck Victim in the shoulder and grazed the back of his head. Appellant left the residence with his girlfriend, taking the gun with him.

Victim remained in the hospital for a month and a half and attended a rehabilitation center for several weeks, followed by outpatient rehabilitation. At the time of trial, Victim had twenty-five percent of the use of his right arm, and suffered from post-traumatic stress disorder and depression.

On December 14, 2017, a jury found Appellant guilty of aggravated

---

[2] Ms. Wright is Appellant's mother and Victim is Appellant's father.

assault.  On March 23, 2018, the court sentenced Appellant to 6 to 12 years' imprisonment, followed by 5 years' probation.  Appellant timely filed a post-sentence motion on April 2, 2018, but did not file a direct appeal.

On July 28, 2020, the court reinstated Appellant's direct appeal rights *nunc pro tunc.*  On August 11, 2020, Appellant timely filed a notice of appeal *nunc pro tunc*.  No Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal was ordered or filed.

On appeal, Appellant raises the following issues for our review:

> Whether the trial court's admission of the 911 recording/call, over Appellant's objection, constituted an abuse of discretion?
>
> Whether the trial court abused its discretion in prohibiting Appellant from introducing evidence related to the complainant's two robbery convictions?
>
> Whether the guilty verdict as to the charge of aggravated assault was against the weight of the evidence?
>
> Whether the trial court improperly departed from the sentencing guidelines and, as a result, the sentence was unreasonable, constituting an abuse of discretion?

(Appellant's Brief at 5).[3]

For purposes of disposition, we combine Appellant's first and second issues.  In his first issue, Appellant argues the court erred by admitting the

---

[3] Regarding Appellant's final issue challenging the discretionary aspects of sentencing, Appellant admits in his brief that his sentence was "at the low end of the standard range of the sentencing guidelines" and concedes that the claim of error is without merit.  (**See id.** at 20-21).  Accordingly, we will not examine this issue.

911 call at trial under the business records exception to the rule against hearsay. Appellant contends that the court further erred by stating in its opinion that the call was admissible as a present sense impression, because the declarant of the 911 call was unknown, so it was impossible to determine whether the declarant was in position to observe the events as they were happening.

In his second issue, Appellant maintains the court erred and abused its discretion by refusing to admit evidence of Victim's criminal history, namely, two bank robberies from 1991 and 1996. Appellant contends that he argued self-defense and that evidence of Victim's trait of violence was important to challenge Victim's credibility. Appellant concludes the court's evidentiary rulings were improper, and this Court must grant appropriate relief. We disagree.

Our standard of review of a trial court's admission or exclusion of evidence is well established and very narrow:

> Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion. Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record.

*Commonwealth v. Montalvo*, 604 Pa. 386, 403, 986 A.2d 84, 94 (2009), *cert. denied*, 562 U.S. 857, 131 S.Ct. 127, 178 L.Ed.2d 77 (2010) (internal citations and quotation marks omitted). Further, our scope of review in cases

where the trial court explains the basis for its evidentiary ruling is limited to an examination of the stated reason. ***Commonwealth v. Stephens***, 74 A.3d 1034, 1037 (Pa.Super. 2013). "We must also be mindful that a discretionary ruling cannot be overturned simply because a reviewing court disagrees with the trial court's conclusion." ***Commonwealth v. O'Brien***, 836 A.2d 966, 968 (Pa.Super. 2003), *appeal denied*, 577 Pa. 695, 845 A.2d 817 (2004).

Pennsylvania Rule of Evidence 801 defines hearsay as follows:

**Rule 801. Definitions That Apply to This Article**

**(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

**(b) Declarant.** "Declarant" means the person who made statement.

**(c) Hearsay.** "Hearsay" means a statement that

(1)   the declarant does not make while testifying at the current trial or hearing; and

(2)   a party offers in evidence to prove the truth of the matter asserted in the statement.

Pa.R.E. 801.

Pennsylvania Rule of Evidence 803 sets forth exceptions to the rule against hearsay, in pertinent part, as follows:

**Rule 803.  Exceptions to the Rule Against Hearsay— Regardless of Whether the Declarant Is Available as a Witness**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(1)** **Present Sense Impression**. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it. When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the event or condition.

\* \* \*

Pa.R.E. 803(1).

This Court has explained:

The present sense impression exception to the hearsay rule permits testimony of declarations concerning conditions or non-exciting events observed by the declarant. ***Commonwealth v. Harper***, [614 A.2d 1180, 1183 (Pa.Super. 1992)], *appeal denied*, 533 Pa. 649, 624 A.2d 109 (1993). The observation must be made at the time of the event or so shortly thereafter that it is unlikely that the declarant had the opportunity to form the purpose of misstating his observation. ***Commonwealth v. Blackwell***, [494 A.2d 426, 431 (Pa.Super. 1985)]. In addition, the present sense impression does not require that the comments be made to another person also present at the scene, but may be made over the telephone. ***Commonwealth v. Harris***, [658 A.2d 392, 395 (Pa.Super. 1995)].

In ***Commonwealth v. Young***, 561 Pa. 34, 748 A.2d 166 (1999), our Supreme Court explained the following regarding the interplay between the right to confrontation of a witness and exceptions to the hearsay rule:

With respect to the confrontation issue, the United States Supreme Court in ***Dutton v. Evans***, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), held that a statement that came within an exception to the hearsay rule would not violate the Confrontation Clause if it had sufficient "indicia of reliability."

***Young***, 748 A.2d at 177.

*Commonwealth v. Cunningham*, 805 A.2d 566, 573 (Pa.Super. 2002).

Instantly, the trial court explained:

> Here, the call at issue came in to police at or about the time the incident occurred, which is plainly clear by its contents which matched the observations of the police upon their arrival and the testimony of the witnesses who testified at trial. In [**Commonwealth v. Hood**, 872 A.2d 175 (Pa.Super. 2005)], the defendant argued that the trial court erred by permitting the Commonwealth to introduce into evidence a 911 call the contents of which identified him as the perpetrator of the crime he was convicted of committing. The Superior Court ruled that the issue had no merit even though the caller did not testify and thus, was not available for cross-examination, because there were sufficient indicia of reliability and the call was made almost contemporaneously with the occurrence of the event described by the caller. …
>
> In [**Cunningham, supra**,] the Superior Court held that the present sense exception "does not require that the comments be made to another person also present at the scene, but may be made over the telephone." The Court further stated that the present sense exception permits testimony concerning "conditions or non-exciting events" made "at the time of the event or shortly thereafter." ***Id.***
>
> In **Cunningham**, the defendant was convicted of two counts of robbery and other offenses. ***Id.*** at 568. During trial, the trial court permitted the jury to hear a 911 call made by roofers who were working nearby and who had seen the robbery as it was unfolding. ***Id.*** at 573. On appeal, the defendant argued that the court abused its discretion in admitting such evidence because it was hearsay. ***Id.*** at 572. The trial court maintained, however, that the roofers' statements in the 911 call clearly constituted a present sense impression given that they were made via phone as the events were taking place. ***Id.*** at 573. The Superior Court agreed that the statements had an inherent reliability and indeed fell within the present sense impression exception to the rule against hearsay and found that the trial court did not err by permitting the Commonwealth to introduce the contents of the 911 call in

evidence. *Id.*

(Trial Court Opinion, filed September 2, 2020, at 9-10).

Here, the Commonwealth introduced an audio recording of a 911 call made by an unidentified woman on a phone located at 271 Rubicam Street in Philadelphia Pennsylvania at 11:35 p.m. (*See* Commonwealth's Ex. 2). The woman screamed that the victim had been shot and identified Appellant as the shooter. (*See id.*) Officer Bacon testified that he arrived at that address three minutes after the call to find a woman crying and that Victim had been shot in the head. (*See* N.T. Trial, 12/12/17, 20-23, 31-32). Under these circumstances, the verifiable date, time, and location of the 911 call, combined with Officer Bacon's testimony, provided sufficient corroborating evidence that the statement had been made by a declarant actually witnessing the incident. *See Hood, supra*. Thus, we see no reason to disrupt the court's evidentiary analysis.[4] *See Montalvo, supra*; *Stephens, supra*.

With regard to the impeachment of witnesses for prior offenses, this Court has observed that

> [f]or the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict, or by plea of guilty or *nolo contendere*, shall be admitted if it involved dishonesty or false statement." Pa.R.E. 609(a). "Crimes involving dishonesty or false statement [are] commonly referred to as *crimen falsi* crimes." *Commonwealth v. Moser*, 999 A.2d 602,

---

[4] Based on our disposition that admission of the 911 call was proper as a present sense impression, we decline to address whether admission of this evidence was permitted under any other exception to the rule against hearsay.

607 (Pa.Super. 2010). "[C]*rimen falsi* involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud." ***Commonwealth v. Jones***, 334 Pa. 321, 323, 5 A.2d 804, 805 (1939).

***Commonwealth v. Davis***, 17 A.3d 390, 395 (Pa.Super. 2011). Additionally, if the conviction is more than ten years old, it "is admissible only if…its probative value substantially outweighs its prejudicial effect…and the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Pa.R.E. 609(b). Robbery is a *crimen falsi* offense. ***Commonwealth v. May***, 587 Pa. 184, 202, 898 A.2d 559, 569 (2006).

Where self-defense is at issue, a defendant may use the criminal record "to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor." ***Commonwealth v. Amos***, 445 Pa. 297, 303, 284 A.2d 48, 751 (1971). Nevertheless, "[o]nly those past crimes of the victim that are similar in nature and not too distant in time will be deemed probative, with the determination as to similar nature and remoteness resting within the sound discretion of the trial judge." ***Commonwealth v. Mouzon***, 617 Pa. 527, 532, 53 A.3d 738, 741 (2012). Proximity in time and similarity of facts are key; where "strikingly disparate factual scenario[s]" exist, the trial court may properly exclude the convictions. ***Commonwealth v. Christine***, 633 Pa. 389, 400, 125 A.3d 394, 400 (2015).

Instantly, the trial court stated:

Here, Appellant did not establish that the probative value of the evidence he sought to introduce exceeded the prejudicial effect the evidence would have had on the jury. In this [c]ourt's view, the only reason the defense sought to introduce the evidence pertaining to the two robbery convictions was not to attack the credibility of [V]ictim but to tell the jury that [Victim] had a history of violent criminal conduct. Counsel said as much when he argued that [V]ictim is "a man that is accused of someone shooting him when the man that shot him is actually in self-defense. He had a bat in his hand when he was attacking my client. He threw my client over a railing." It is clear from his argument that counsel intended to use the prior convictions to show [V]ictim had a violent temper and not primarily impeach his credibility. The only reason counsel wished to introduce the convictions was to smear the character of [V]ictim. This was improper and no error occurred by precluding the defense from introducing the two convictions. …

(Trial Court Opinion at 13) (internal citations omitted).

Here, Victim's robbery convictions were from 1991 and 1996, well over ten years prior to the incident at issue. Appellant provided no underlying facts regarding the convictions to establish their similarities to the incident at issue. *See Christine, supra*; *Mouzon, supra*. Additionally, Appellant did not provide the Commonwealth written notice of his intent to impeach Victim's credibility. (*See* N.T. Trial 12/12/17, 4-6); Pa.R.E. 609(b). For all of these reasons, we see no reason to disrupt the court's evidentiary ruling. *See Montalvo, supra*; *Stephens, supra*.

In Appellant's third issue, he argues that Victim initiated the physical assault, and that testimony showed it was not physically possible for Victim to have thrown Appellant over the bannister by accident. Appellant emphasizes other evidence allegedly ignored by the jury, *i.e.*, that Victim was

- 10 -

larger than Appellant and had brandished a baseball bat during the struggle. Appellant concludes the verdict was against the weight of the evidence, and this Court must remand for a new trial.  We disagree.

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial.  Pa.R.Crim.P. 607.  The Rule provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A)        A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

    (1)    orally, on the record, at any time before sentencing;

    (2)    by written motion at any time before sentencing; or

    (3)    in a post-sentence motion.

Pa.R.Crim.P. 607(A).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."  ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted).  A defendant cannot raise an issue for the first time on appeal; it must be preserved with a timely and specific objection before the trial court.  A boilerplate post-sentence motion stating that the verdict was against the weight of the evidence does not preserve an issue for appellate review unless it specifies in what manner the verdict was against the weight of the evidence.  ***Commonwealth v.***

*Holmes*, 461 A.2d 1268, 1270 (Pa.Super. 1983).

Instantly, Appellant failed to specify the reasons why the verdict was against the weight of the evidence in his post-sentence motion. Therefore, Appellant has waived his challenge to the weight of the evidence. *See id.* (*See also* Trial Court Opinion at 13-14) (suggesting waiver of weight claim for failure to properly preserve it in post-sentence motion).

Moreover, even if Appellant had properly preserved his challenge to the weight of the evidence, it would not warrant relief. When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Here, the trial court observed:

> The evidence showed that Appellant shot [V]ictim while standing by his own estimation, ten feet from [V]ictim. He recklessly fired four shots at [V]ictim with complete disregard for the safety of [V]ictim and his mother who was standing between the two men. Moreover, there was evidence indicating that Appellant repeatedly stated that he was going to murder [V]ictim thereby also manifesting his intent to cause [V]ictim grievous bodily injury, if not death.
>
> Finally, the jury clearly rejected Appellant's claim of self-defense, a decision supported by the evidence it heard.[5] This [c]ourt sees no reason to reverse that credibility determination even had Appellant properly raised this claim.
> …

(Trial Court Opinion at 15). We agree with the court's analysis. *See*

***Champney, supra***. Thus, even if Appellant had properly preserved his weight

claim, it would have merited no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/21

---

[5] At trial, Victim denied striking Appellant with the baseball bat, and stated that he was not moving toward Appellant when Appellant fired the gun at Victim.

- 13 -